# Exhibit C

ORIGINAL

SEQUENCE NO. 2

At IAS Part 24 of the Supreme Court of the State of New York in and for the County of Queens, at the Courthouse, at Queens County Courthouse, 88-11 Sutphin Blvd., Jamaica, NY 11435, on date MARCH 28TH, 2012

Present: Hon. Augustus C. Agate, J.S.C.

DAILY BANK

Index No. 23251/11

NYCTL 1998-2 TRUST successor in interest to the NYCTL 2008-A TRUST and The Bank of New York Mellon as Collateral Agent and Custodian,

Plaintiff,

**JUDGMENT OF FORECLOSURE AND SALE**

-against-

Vernam Basin Boat Repair Corp.; New York State Dept. of Taxation and Finance; City of New York Department of Finance; The People of the State of New York,

Defendants.

Foreclosure of:
72-58 Elizabeth Avenue,
Queens, NY
4-16065-0075

ON the summons, complaint and notice of pendency duly filed in this action on October 11, 2011, and all proceedings thereon; and on reading and filing the affirmation of regularity of Shari S. Barak, Esq. dated March 7, 2012 with exhibits annexed, showing that all of the Defendants herein have been duly served within this State with the summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance by the Defendant herein heretofore filed in this action and stating that more than the legally required number of days had elapsed since said Defendants were so served; and that none of the Defendants had served an answer to said Complaint, nor had their time to do so been

1

QUEENS COUNTY CLERK
FILED
2012 APR -3 PH 3:24
RECORDED

extended; and upon the affirmation of services rendered of Shari S. Barak dated March 7, 2012 and

ON the Order of Reference made and entered on December 23, 2011, appointing Edward H. Rosenthal, Esq. as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent on oath as to the allegations of the complaint, and to examine and report whether the premises should be sold in one or more parcels; and on reading and filing of the oath and report of the Referee, sworn to and dated February 23, 2012 it appears that the sum of $27,737.65 was due the Plaintiff, as of February 1, 2012, plus a per diem interest for every day thereafter, up to the date of sale ordered herein; and that the premises should be sold in one parcel, and that none of the Defendants is entitled to notice of this application

NOW, on motion of Shapiro, DiCaro & Barak, LLC, the attorneys for the Plaintiff, it is

ORDERED, that the motion is granted, and it is further

ORDERED, ADJUDGED AND DECREED that the report of Edward H. Rosenthal, Esq. dated February 23, 2012, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED, AND DECREED that the premises described in the complaint in this action and hereinafter described, or such part thereof as may be sufficient to discharge the debt under the tax lien certificate, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceeding Law and the New York City Administrative code be sold, in one parcel, at public auction in Courtroom#25 at the Queens County General Courthouse, 88-11 Suphin Blvd., Jamaica, NY, by and under the direction of Gregory J. Newman, who is hereby appointed Referee for that purpose; that said Referee give

*daily all is*

public notice of the time and place of such sale in accordance with law, practice of this Court and RPAPL §231 in ~~N cw YORK NEWSDAY~~ and that the Plaintiff or any other party to this action may become the purchaser at such sale; that in case the plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the plaintiff becomes the purchaser or purchasers at such sale they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that said Referee on receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further,

*bank all SSC*

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in ~~HSBC - JAMAICA BRANCH~~, and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository;

**FIRST:**  That statutory fees of the Referee in the sum of $500.00.

**SECOND:**  The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

3

**THIRD:** Said Referee shall also pay to the plaintiff or plaintiff's attorney, the sum of $ 1600.00 adjudged to the plaintiff for costs and disbursements in this action to be taxed by the clerk and inserted herein, with interest thereon from the date hereof; together with an additional allowance of $ 300.00 hereby awarded to the plaintiff in addition to costs, with interest thereon from the date hereof, and also the sum of $27,737.65 the said amount so reported due as aforesaid, together with interest thereon from February 1, 2012, the date interest was calculated to in said report, or so much thereof as the purchase money of the mortgaged premises will pay, of the same, together with $ 2500.00 hereby awarded to the plaintiff as reasonable legal fees herein as provided for in the New York City Administrative Code Article 11-335, together with any advances which plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest thereon.

**FOURTH:** If such Referee intends to apply for a further allowance for his/her fees, an application shall be made to the court therefore upon due notice to those parties entitled thereto.

(margin annotations: CCh / ISC  300; CCh / IX  atty fees)

4

That in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under the judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents, water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff or the attorneys for the Plaintiff for the amounts paid as directed in item "THIRD" above, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Queens County Clerk within five days after

5

the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser(s) at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all of the Defendant(s) in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts than an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreement of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in §1354 of the Real Property Actions and Proceeding Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of

sale; and the purchaser is to pay the New York State and New York City real property transfer taxes; and it is further

ORDERED, that the referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the referee shall notify the Appointing Judge forthwith, and it is further

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the **owner of the equity of redemption at any known residence and at any business address**, any tenants named in this action and any other party entitled to notice.

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Exparte Office at least eight (8) days prior to the scheduled sale.

Said premises commonly known as 72-58 Elizabeth Avenue, Queens, NY. A description of said premises is annexed hereto and made a part hereof as Schedule A.

ENTER

Hon. Augustus C. Agate, J.S.C.

Audrey I. Pheffer
Queens County Clerk
4-3-2012

QUEENS COUNTY CLERK
FILED
RECORDED
2012 APR -3 PH 3: 24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No. 23251/11

NYCTL 1998-2 TRUST successor in interest to the NYCTL
2008-A TRUST and The Bank of New York Mellon as
Collateral Agent and Custodian,

COSTS OF PLAINTIFF

                        Plaintiff,
           -against-
Vernam Basin Boat Repair Corp.; New York State Dept. of
Taxation and Finance; City of New York Department of
Finance; The People of the State of New York,
                       Defendants.

[Stamp: WITHIN COSTS TAXED without NOTICE AT $ 1600.00   APR -3 2012   Audrey I. Pheffer   COUNTY CLERK QUEENS COUNTY]

[Stamp: QUEENS COUNTY CLERK FILED RECORDED 2012 APR -3 PM 3:24]

## COSTS OF PLAINTIFF:

| | |
|---|---:|
| Costs before note of issue | |
|     CPLR Sec. 8201 subd. 1 ............................. | $ 200.00 |
| Costs after note of issue | |
|     CPLR Sec. 8201 subd. 2 ............................. | 0.00 |
| Trial of issue | |
|     CPLR Sec. 8201 subd. 3 ............................. | 0.00 |
| Allowance by statute | |
|     CPLR Sec. 8302 (a) (b) ............................. | 150.00 |
|         Percentage on | |
|     $200.00 at 10% | |
|         (not exceeding $200.00) ............ | 20.00 |
|     additional $800.00 at 5% | |
|         (not exceeding $800.00) ............ | 40.00 |
|     additional $2,000.00 at 2% | |
|         (not exceeding $2,000.00) ............ | 40.00 |
|     additional $5,000.00 at 1% | |
|         (not exceeding $5,000.00) ............ | 50.00 |
| Additional allowance | |
|     CPLR Sec. 8302 (d) ............................. | 50.00 |
| Motion costs | |
|     CPLR Sec 8302 ............................. | 0.00 |
| Discretionary Allowance | |
|     CPLR Sec. 8303 (a)(1) ............................. | 0.00 |
| Costs: | $ 400.00 |

## ATTORNEY'S AFFIRMATION

I, Shari S. Barak an attorney admitted to the practice of law in the State of New York, hereby affirm pursuant to CPLR §2106 that: Shapiro, DiCaro & Barak, LLC are the attorneys of record for the Plaintiff in this action; the foregoing disbursements have been or will be necessarily made or incurred in this action and are reasonable in amount; and the copies of the documents or papers as charged herein were actually and necessarily obtained for use.

Dated: March 7, 2012

_____
Shari S. Barak, Esq.

QUEENS COUNTY CLERK
FILED
RECORDED
2012 APR -3 PM 3:24