# Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
NYCTL 1998-2 TRUST successor in interest to the NYCTL
2008-A TRUST and The Bank of New York Mellon as
Collateral Agent and Custodian,

                                              Plaintiffs,

                       - against -

Vernam Basin Boat Repair Corp.; New York State Dept. of
Taxation and Finance; City of New York Department of
Finance; The People of the State of New York,
                                  Defendants.
------------------------------------------------------------------------X

Index No. 23251/11

**TERMS OF SALE**

Tax Lien Foreclosure of:
72-58 Elizabeth Avenue,
Queens, NY
(Block: 16065, Lot: 0075)

       The premises, known as 72-58 Elizabeth Avenue, Queens, NY (Block: 16065, Lot: 0075), and described in the advertisement of sale and in Exhibit A annexed hereto, will be sold in one parcel by the Referee, Edward H. Rosenthal, Esq., upon the following terms:

       1.     Ten percent of the purchase price for the premises will be required to be paid in cash or by certified check to the Referee at the time and place of sale, and for which a receipt will be given.

       2.     The balance of said purchase price will be required to be paid in cash or certified check to the referee, Edward H. Rosenthal, Esq. at his office located at 125-10 Queens Boulevard, Suite 2207, Kew Gardens, NY 11415, on April 18, 2016, at __10:00__ a.m. or any other location agreed to by the Referee when the Referee's deed will be delivered. The Referee is not required to send any notice to the purchaser; and, if purchaser fails to call at the time and place above specified to pay the balance of the purchase price and receive the deed, the Plaintiffs will have the option, in its sole discretion and without leave of court, to: (1) adjourn the closing at the request of the purchaser at which time the purchaser may, at Plaintiffs discretion, be charged with interest at the prevailing judgment rate from the original sale date when the final bid was accepted by the referee through the eventual closing date for the term of the adjournment on the whole amount of the purchase price as well as assuming responsibility for any and all costs incurred as a result of any adjournment of the closing, or (2) elect to re-schedule the foreclosure sale and the ten percent (10%) deposit given by purchaser to the Referee will be retained by the Referee and applied to the proceeds of the rescheduled foreclosure.

3. The purchaser of the premises, at the time and place of sale shall sign a memorandum of his purchase, and an agreement to comply with the terms and conditions of sale herein contained, and pay in addition to the purchase money, the referee and/or auctioneer's fee for conducting the sale and attending the closing, if any.

4. The bidding will be kept open after the premises is struck down and in case any purchaser shall fail to comply with any of the above conditions of sale, the premises so struck down to him will be again put up for sale under the direction of the Referee under these same terms of sale, without application to this Court (unless the attorneys for the Plaintiffs shall elect to make such application); and such purchaser will be held liable for any difference there may be between the sum for which said premises shall be struck down upon the sale and the price for which the premises may be purchased on the resale, plus any costs or expense incurred for such resale and upon purchaser's default, the bid deposit shall automatically be forfeited and applied to the aforesaid deficiency, if any. Such forfeiture shall not be a waiver of any rights of plaintiffs to seek and obtain damages from the defaulting bidder.

5. In case the plaintiffs shall be the purchaser, or in the event that the rights of the purchaser shall be assigned to and be acquired by the plaintiffs and the valid assignment thereof filed with the Referee, the provisions of the judgment of foreclosure and sale entered herein insofar as they relate to such purchase by or assignment to plaintiffs shall be deemed included in these terms of sale with the same force and effect as if fully set forth at length.

6. The premises shall be sold in "as is" physical conditions and subject to any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said premises and any violation of record thereof, and to zoning regulations and ordinances of the city, town or village in which said premises lies and any violations of record thereof, prior liens if any. The premises also shall be sold subject to the rights, if any, of the United States of America pursuant to Title 28, Section 2410 of the United States Code. The premises shall be sold subject to any unpaid taxes; any sidewalk lien, municipal assessments, water and sewer rates which are a lien or may become a lien or encumbrance prior to the closing herein. Said premises shall also be sold subject to any tenancies as well as the rights of any defendants pursuant to CPLR 317, CPLR 2003 and CPLR 5015, if any. The terms and provisions of the Judgment of Foreclosure and Sale are incorporated by reference herein which the same effect as fully set forth herein.

7. No title search or Abstract or Survey shall be provided. All expenses of recording the Referee's Deed, including but not limited to, all deed stamps, transfer taxes and recording fees, if any shall be paid by the purchaser.

8. Title insurance, if any, shall be paid for by the purchaser. In the event Purchaser, raises written objection to Title, Plaintiffs shall have the option of providing fee title insurance from a title insurance company of its choice, insuring insurable title. The premium for such fee title insurance policy shall be paid by the purchaser.

9. At or before the time of making a bid, the bidder, if other than plaintiffs, shall exhibit to the Referee cash or certified check(s) for at least ten percent (10%) of the amount of the bid and also identify themselves with name, address, and phone number.

10. Any sums advanced by Plaintiffs or its agents after the sale and prior to the recording of the deed for taxes, inspections, maintenance, preservation, etc. shall be reimbursed to Plaintiffs at the time of sale by purchaser of the property.

11. Plaintiffs or its assignees shall not be responsible for any damage occurring to the property after the foreclosure sale.

Dated: 3-18-16

~~Edward H. Rosenthal, Esq.~~
Referee MORTON POVMAN, ESQ

## MEMORANDUM OF SALE

__ADLEBI INC__ has this __18'__ day of __MARCH__, 2016, purchased the premises described in the annexed printed advertisement of sale for the sum of $ __380,000__ dollars and hereby promises and agrees to comply with the terms and conditions of the sale of said premises, as above mentioned and set forth.

Dated: __3-18-16__

_[signature]_
Edward H. Rosenthal, Esq.
Referee

__MEIR NELKEN__
Purchaser

__P.O. BOX 341053__
Purchaser's Phone No.

__BROOKLYN, NY 11234__
Purchaser's Address

__917 301-9203__

_[signature]_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
NYCTL 1998-2 TRUST successor in interest to the NYCTL
2008-A TRUST and The Bank of New York Mellon as
Collateral Agent and Custodian,

                                                                                               Index No. 23251/11

                Plaintiffs,

       - against -

Vernam Basin Boat Repair Corp.; New York State Dept.
of Taxation and Finance; City of New York Department of
Finance; The People of the State of New York,
                Defendants.
-------------------------------------------------------------------------X


## TERMS OF SALE

Law Office of John D. Dello-Iacono
Attorney for Plaintiffs
105 Maxess Road, Suite 124
Melville, NY 11747
(631) 574-4532
11-011078